# IN THE COURT OF APPEALS OF IOWA

No. 13-1394
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE REASBY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


        Defendant appeals the district court's denial of his *Batson* challenge.

**AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, John P. Sarcone, County Attorney, and Justin Allen, Assistant

County Attorney, for appellee.



        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

David Reasby appeals his conviction for willful injury causing bodily injury, in violation of Iowa Code sections 708.1(1), 708.4(2), and 702.11(2)(a) (2011). He maintains his equal protection rights were violated when the prosecutor struck a potential minority juror from sitting on that jury.[1] Because we find the State's explanation for striking the juror—her uneasiness looking at pictures involving injuries or blood and her belief she would have trouble convicting without DNA evidence—established a race-neutral reason for use of the strike, we affirm the district court's denial of Reasby's *Batson* challenge and Reasby's conviction.

## I. Background Facts and Proceedings.

On August 2, 2012, the State filed a trial information charging Reasby with willful injury causing serious injury. The defendant pled not guilty, and the matter proceeded to trial on June 10, 2013.

During voir dire, the State exercised three peremptory strikes against minority prospective jurors.[2] Reasby's attorney then raised a *Batson* challenge, stating, "Your Honor, I would make that challenge, the *Batson* challenge at this time. It appears that we would not have a jury of my client's peers on the panel. I believe it would appear to me that all of the minority [potential jurors] would have been struck." The court clarified that Reasby's attorney had used a strike against one minority potential juror as well and that one minority juror did remain. The State then responded:

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 (1986).
[2] On appeal, Reasby only challenges the State's use of a strike against prospective juror Childress.

Thank you, Your Honor. May it please the Court. I should note that I actually quite liked Ms. McQuerry, Ms. Childress, and Mr. Lovan, and enjoyed my conversation with them during jury selection.

Juror Number 6, Ms. McQuerry, the State decided to strike her because she, during questioning, acknowledged that she was quite familiar with the defendant and volunteered on her own that she had nothing but a positive impression of him through his work in the community. For that reason the State felt she could perhaps be influenced by that if she was selected as part of the jury and that she simply should not serve.

Secondly, Juror Number 15, Ms. Childress, I think [Reasby's attorney] and perhaps the Court would acknowledge that by her demeanor it appeared that she probably did not want to be here during this questioning, did not want to serve. She also volunteered that she does not like pictures of injuries or blood. That was a general question that I asked the group and she raised her hand and said that she would not look at them, and only under more questioning by myself did she finally admit that if she had to she would look at those pictures. There are pictures of injuries in this case. So for that reason I did not feel that Ms. Childress was a juror beneficial to the State.

She also indicated that she quite enjoys the CSI television programming. The State is always leery of jurors that enjoy that show because it is so far removed from reality.

Lastly, Mr. Lovan, Your Honor, I didn't realize he was a minority of any kind, but now that you've pointed it out to me, I do see he's Asian, and he was stricken from the alternate pool simply because he had returned a not guilty verdict during prior jury experience that he had on an assault case. And because this is an assault case—and I think justification was a defendant in the last jury that he served on, justification is not a defense listed in this case, I was concerned he would call back his experiences as a juror in his previous case and use them in this case.

The court ruled the State had established a clear and reasonably specific race-neutral reason for the peremptory strike of each of the jurors in question.

Regarding prospective juror Childress, the court stated:

With regard to [Ms.] Childress, I cannot say that I recognize any demeanors of hers that indicated she didn't want to be here, but she did testify that she would be squeamish with regard to photographs of injuries and blood. That when those images come on TV shows that she watches, she turns the TV off. She would

not want to see those pictures, but probably would look at them. She said probably would look at them if they would help her reach a decision as a juror. I think that's a reason why an attorney, a prosecuting attorney would be concerned about the juror.

I think the indication that she gave with regard to watching CSI, because there is no blood and guts in the CSI program that she watches, there is apparently in some other ones, and that there is, you know, always some DNA or always something to support a conviction, I guess that turns out to be true on that show, but not in real life. She seems to have that impression, and I think that provides a reasonable race neutral, nondiscriminatory basis for exercising that strike.

The jury was then empaneled.

On June 12, 2013, the jury returned a guilty verdict for the lesser charge of willful injury causing bodily injury. Reasby appeals.

## II. Standard of Review.

We review constitutional claims de novo. *State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012). "Because the trial court's determination of whether purposeful discrimination occurred will largely turn on the evaluation of credibility, a reviewing court ordinarily should give those findings great deference." *State v. Griffin*, 564 N.W.2d 370, 375 (Iowa 1997) (internal citations omitted).

## III. Discussion.

In *Batson*, 476 U.S. at 89, the United States Supreme Court held that the equal protection clause of the Fourteenth Amendment prevents a prosecutor from using peremptory strikes to challenge potential jurors "solely on account of their race." The defendant bears the burden to establish a prime facie case of purposeful discrimination in selection of the jury panel. *Id.* at 96; *see also Griffin*, 564 N.W.2d at 375. To establish the prima facie case, the defendant must show (1) that he is a member of a cognizable racial group, (2) that the prosecutor used

peremptory challenges to remove a member of a cognizable racial group, and (3) the "facts and any other relevant circumstances raise an inference that the prosecutor used the strike to exclude" the juror on the account of the juror's race. *Batson*, 476 U.S. at 96. Under current case law, the defendant may make a *Batson* challenge whether or not the defendant and the excluded jurors share the same race. *Powers v. Ohio*, 499 U.S. 400, 416 (1991). Once the prima facie case has been made, "an inference arises that the government violated the defendant's equal protection rights and the State has the burden of articulating a clear and reasonable specific race-neutral explanation for the peremptory strike." *Griffin*, 564 N.W.2d at 375 (internal quotations omitted). The trial court must then make a determination whether purposeful discrimination occurred. *Id.*

Here, Reasby maintains the State did not meet its burden by providing a clear and reasonably specific race-neutral reason for the use of a peremptory strike against Childress, and thus the district court erred in denying Reasby's *Batson* challenge.

We first note whether the prosecutor liked a prospective juror or enjoyed the conversations with the juror has no bearing on the resolution of the issue before us. Upon our de novo review of the pertinent facts, we agree with the district court's conclusion that the State established marginally sufficient racially-neutral reasons for striking Childress. The explanation provided by the State was unrelated to the juror's race, and the district court found it to be credible. *See State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012) ("[W]e have given a great deal of deference to the district court's evaluation of credibility when determining the true motive of the attorney when making the strike."). Accordingly, we affirm the

district court's denial of Reasby's *Batson* challenge, and we affirm Reasby's conviction.

**AFFIRMED.**